NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAVANNA STEPHENS BEY, JR., | : | |
| | : | Civil Action No. 12-6783 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| D. COHEN, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

**RAVANNA STEPHENS BEY, JR.**, Petitioner pro se
207148
ACJF
5060 ATLANTIC AVE.
MAYS LANDING, NJ 08330

**KUGLER**, District Judge

Petitioner Ravanna S. Bey, Jr. ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his incarceration at Atlantic County Justice Facility in Mays Landing, New Jersey. For the reasons expressed below, this Court will dismiss the petition without prejudice and deny a certificate of appealability. *See* 28 U.S.C. § 2254, Rule 4.

**I. BACKGROUND**

Despite Petitioner's voluminous submissions of well over one hundred pages, it is not clear to this Court what conviction, if any, Petitioner is challenging. Though it appears that Petitioner was at a minimum, indicted by a grand jury in state court, it remains unclear to this Court whether Petitioner has been convicted and sentenced by any state court.

In his petition he raises the following grounds:

> Ground One: Lack of probable cause, arrested on 6/30/2011 on unauthorized warrant, no victim, police created exigent circumstance.
>
> Ground Two: Diversity Jurisdiction
>
> Ground Three: Immunities supremacy clause – proclamation under the jurisdiction of these documents.
>
> Ground Four: All conspiracies in any state to interfere with lawful rights in any state or against the U.S. is to be suppressed.

(Pet. 6-11.)  He states that he did not exhaust any of the grounds because "mail is only going where respondents want it to go and Petitioner is denied of [sic] westlaw data.  They pick and choose what they want Petitioner to have.  Counsel works for Respondents and there is a dislike for Moors in this county."  (*Id.*)

## II.  DISCUSSION

### A.  Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury.  *See* 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Rule 1(b).  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland*, 512 U.S. at 856; *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985).  Habeas Rule 4 accordingly requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

**B. Analysis**

**1. "In Custody" Requirement**

"[A] habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Therefore, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.*

In *Maleng*, the Court explained that the term "custody" defines not only physical confinement, but also includes circumstances entailing such limitations on a person's liberty as those imposed during parole. *See Maleng*, 490 U.S. at 491; *see also Hensley*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (habeas petitioner released on own recognizance, but who suffered restraints on freedom of movement not shared by public generally, meets the "in custody" requirement).

Here, based on Petitioner's allegations, it is unclear whether he is in custody pursuant to the the conviction or sentence he is attacking in this petition. In fact, as stated above, it is not even clear what conviction or sentence he is attacking in the petition.

**2. Exhaustion Requirement**

In the event Petitioner is actually a prisoner in custody pursuant to a judgment entered by a state court (and, thus, his habeas petition should be construed as a Section 2254 application), Petitioner must first "exhaust[ ] the remedies available in the courts of the State, [unless] there is an

absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993); *Duarte v. Hershberger*, 947 F.Supp. 146 (D.N.J.1996); *see also Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"). The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Evans v. Court of Common Pleas, Del. Cty., Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992).

Thus, a petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. *See Ross v. Petsock*, 868 F.2d 639 (3d Cir. 1989); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). The claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition, *see Picard*, 404 U.S. at 275, and reliance on the same constitutional provision is not sufficient: the legal theory and factual predicate must also be the same. *See id.* at 277. Where any available state court procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. *See* 28 U.S.C. § 2254(c). Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system

of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Picard*, 404 U.S. at 275 (citations and internal quotation marks omitted).

In the event Petitioner is a pre-trial detainee (and, thus, his petition should be construed as a Section 2241 application, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975)), the exhaustion requirement applies to his petition with equal force. Although Section 2241 petitioners are not statutorily required to exhaust state court remedies, "an exhaustion requirement has developed through decisional law, applying principles of federalism." *Moore*, 515 F.2d at 442. Thus, while the court has jurisdiction under § 2241 to entertain the in-custody petitioner's pretrial habeas petition, relief is not warranted since "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to state criminal charges prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (quoting *Ex Parte Royall*, 117 U.S. 241, 253, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). No such exceptional circumstances of peculiar urgency exist in this case, and as such, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

### III.   CERTIFICATE OF APPEALABILITY

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition without prejudice and deny a certificate of appealability.

Dated:   January 22, 2012

                                                           s/Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge